UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80164-CR-DIMITROULEAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.

TRACY MARIE FIORENZA,
        Defendant.
_____/

## ORDER OF COMMITMENT FOR PSYCHIATRIC EXAMINATION AND TREATMENT

The government filed their motion for Psychiatric Exam to Determine Competency and Sanity of the Defendant Pursuant to 18 U.S.C. §4241 and §4242 (DE 15). On January 17, 2024, Dr. Lauren Schumacher, Forensic Psychologist opined that the Defendant, Tracy Fiorenza suffers from a severe mental disorder which interferes with her factual and rational understanding of the legal process as well as the defendant's ability to assist her attorney in her own defense.

    A hearing was held on January 19, 2024 on the sole issue of competency pursuant to 18 U.S.C. §4241(c) and §4247(d). Defense counsel and the government stipulated to the conclusion regarding competency in Dr. Schumacher's report. The Court found by a preponderance of the evidence "that the defendant suffers from a severe mental disorder which interferes with her factual and rational understanding of the legal process as well as the defendant's ability to assist her attorney," and is therefore incompetent to proceed to stand trial at this time.

An additional hearing was held on October 22, 2024, where the parties agreed that Ms. Fiorenza was still incompetent and additional time would be required before the competency hearing.

Pursuant to the agreement of the parties, the findings of the Court and 18 U.S.C. §4241(d)(2) and §4242, It is ordered:

1. The defendant is committed to the custody of the Attorney General or his designated representative for hospitalization in a suitable facility for examination and treatment;

2. The defendant shall be examined and treated for such a reasonable period of time, not to exceed two months, to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit the proceedings to go forward.

3. The examining psychiatrist and psychologist shall have access and be provided with any medical records of the defendant;

4. Such examination may include such medical and psychiatric examination to determine the cause and reason for defendant's current mental status; a status report of the defendant's progress shall be made available to the defense.

5. At any time during, but no later than 15 days after the expiration of the two-month evaluation and treatment period:

    A. The director of the facility in which the defendant is hospitalized needs an additional reasonable period of time for the defendant's mental

condition to improve, he shall submit a request and report to this Court supporting a finding that there is a substantial probability that within such additional period of time the defendant will attain the capacity to permit the proceeding to go forward, or

B. If the director of the facility in which the defendant is hospitalized pursuant to this order determines that the defendant has recovered to such an extent that she is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the government.

7. The Defendant shall remain at FMC Carswell to continue her treatment.

8. The period of delay resulting from the examination and any subsequent judicial proceeding to determine the mental competency of the Defendant shall be excluded from any Speedy Trial calculations pursuant to 18 U.S.C. § 3161 (h)(1)(A).

*[Signature]* 10/25/24
HONORABLE JUDGE WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT COURT

cc:  Allari Dominguez, AFPD
     John McMillan, AUSA